IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

FILED

May 28, 1998

Cecil W. Crowson
Appellate Court Clerk

KEITH DOUGLAS WOOTEN,          *     C.C.A. # 01C01-9703-CR-00111

      Appellant,          *     WILSON COUNTY

VS.          *     Hon. J.O. Bond, Judge

STATE OF TENNESSEE,          *     (Post-Conviction; Armed Robbery)

      Appellee.          *

For Appellant:

Peter B. Halverstadt
Attorney at Law
P.O. Box 158521
Nashville, TN  37215

For Appellee:

John Knox Walkup
Attorney General and Reporter

Elizabeth B. Marney
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

David Durham
Assistant District Attorney General
111 Cherry Street
Lebanon, TN  37087

OPINION FILED:_____

JUDGMENT IN C.C.A. NO. 01C01-9303-CR-00078
VACATED AND REINSTATED

GARY R. WADE, JUDGE

<u>ORDER</u>

On March 16, 1989, the petitioner was convicted of two counts of armed robbery. The trial court imposed concurrent, Range II sentences of thirty-five years on each count. Because the convictions were pursuant to a plea agreement, there was no direct appeal.

Thereafter, the petitioner filed a petition for post-conviction relief alleging as grounds that his counsel had performed ineffectively. The trial court denied the claim and, on direct appeal, this court affirmed. <u>Keith Douglas Wooten v. State</u>, No. 01C01-9303-CR-00078 (Tenn. Crim. App., at Nashville, July 22, 1993). After a review of the record, this court concluded that the petitioner, who was "no stranger to the criminal justice system," had as his "motivation to plead guilty ... his fear of consecutive sentences." <u>Id.</u>, slip op. at 4. The determination of the court was that the petitioner "appreciated the fact that his convictions would not increase the total amount of time he would serve" due to sentences for other crimes. <u>Id.</u>

Counsel for the petitioner withdrew after the entry of the July 22, 1993 opinion. Due to clerical error, the petitioner was notified that the time to file an application for permission to appeal was September 20, 1993, rather than August 21, 1993. A pro se application for permission to appeal, filed September 17, 1993, was rejected by our supreme court as untimely.

On October 18, 1994, the petitioner filed a petition for writ of habeas corpus in the United States District Court for the Middle District. Our state attorney general sought a dismissal on the basis that the petitioner had not exhausted his state remedy. The state contended that the petitioner would be entitled to a delayed appeal because he had been denied the opportunity of second tier review in the

2

Tennessee Supreme Court. The District Court dismissed the petition on that basis.

On October 11, 1995, the petitioner filed this petition for post-conviction relief seeking second-tier review of our July 22, 1993, opinion. The trial court ruled that it was without authority to grant the relief and dismissed the petition. Additional pleadings seeking relief from the order of dismissal were unsuccessful and this appeal followed.

The state has conceded in oral argument that an appropriate remedy is an order vacating and reinstating the July 22, 1993, opinion of this court. It is so ordered. But see Darrel D. Hayes v. State, No. 01C01-9604-CR-00163 (Tenn. Crim. App., at Nashville, Sept. 2, 1997). The petitioner may now seek a review under the terms of Rule 11 of the Tennessee Rules of Appellate Procedure.

Costs are adjudged to the state.

_____
Gary R. Wade, Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
L.T. Lafferty, Special Judge

3